■ In the Matter of LEONARD S. STORCH, Appellant, v. MONICA W. STORCH, Also Known as MONICA FURLONG, Respondent.— Judgment, Supreme Court, New York County, entered May 30, 1974, directing, *inter alia*, that petitioner pay support arrears in the sum of $5,100 and counsel fee of $1,500 to respondent, and order, Supreme Court, New York County, entered July 11, 1974, denying petitioner's application to vacate said judgment, unanimously modified, on the law and the facts, to the extent of deleting from the judgment the direction that petitioner pay a counsel fee of $1,500, and as so modified, affirmed, without costs and without disbursements. In this habeas corpus proceeding, petitioner, Leonard S. Storch, sought custody of the infant issue of his former marriage with respondent. Respondent, in her counterclaim, sought, among other things, to obtain child support arrears under the separation agreement and divorce decree. On the eve of trial, the parties entered into a stipulation which disposed of the issues raised by the writ and referred the issues raised by the respondent's counterclaim and petitioner's reply to the court. Among these issues were the amount of child support arrears and counsel fees. Petitioner's contention that the absence of a formal hearing on the custodial and visitation issues raised by the writ constitutes reversible error is without merit on the record herein. Upon the execution of the stipulation, the parties at all pertinent times being represented by counsel, no issue with respect to custody or visitation was presented to the court. Neither party claimed at that time that the stipulation was unacceptable or not in the best interests of the child. In the absence of justiciable issues, a hearing is not necessary. However, in regard to the counterclaim, it is apparent that payment of an additional $1,500 counsel fee is not warranted. Respondent paid $5,000 as a retainer to her attorney. The court-ordered award would then bring counsel fees to a total of $6,500 which, under the circumstances herein and in view of the fact that the issues raised by the writ were settled without a hearing, is excessive insofar as the

additional $1,500 amount is concerned. Petitioner's remaining contentions are without merit. Concur — Markewich, J. P., Lupiano, Tilzer, Capozzoli and Nunez, JJ.